# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLEAM H. SUBER, IV, #S14989, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEPHANIE WAGGONER, ) <br> WARDEN HENSEN, and ) <br> SERGEANT BOUYARD, ) <br> ) <br> Defendants. ) | Case No. 19-cv-00319-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief District Judge:**

Plaintiff William H. Suber, IV, an inmate of the Illinois Department of Corrections who is currently incarcerated at Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts he was subjected to excessive force while he was incarcerated at Vandalia Correctional Center ("Vandalia"). Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

In his Complaint, Plaintiff makes the following allegations: On February 14, 2019, Plaintiff was housed in segregation at Vandalia. Sergeant Bouyard walked along the gallery spraying pepper spray. (Doc. 1, p. 6). Sergeant Bouyard stopped in front of Plaintiff's cell and started "say[ing] things." *Id*. Plaintiff

1

responded that "he was not a kid" and "to talk to him like a man or stop talking." *Id*. Sergeant Bouyard left the area and then returned with two other officers, opened Plaintiff's cell door, got in his face calling him names, and then choked him. *Id*.

Based on the allegations in the Complaint, the Court designates a single count in this *pro se* action:

Count 1: Eighth Amendment excessive force claim against Sergeant Bouyard for assaulting Plaintiff.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

## Discussion

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). The Complaint sets forth sufficient allegations to proceed on an excessive force claim in Count I against Sergeant Bouyard.

Plaintiff lists Warden Waggoner and Warden Hensen among the defendants but makes no allegations against them in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("plaintiff cannot state a claim against a defendant by including the defendant's name in the caption"). And in the case of defendants

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

in supervisory positions, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Accordingly, Warden Waggoner and Warden Hensen will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendant Bouyard and Defendants Waggoner and Hensen are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to TERMINATE those defendants in the Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendant Bouyard: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is ORDERED to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is ADVISED that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate

his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

DATED: April 5, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of this lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.