IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM H. SUBER, IV, #S14989, <br><br>    Plaintiff, <br><br>vs. <br><br>CHRIS BOLYARD, <br><br>    Defendant. | Case No. 19-cv-00319-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff William H. Suber, IV, an inmate of the Illinois Department of Corrections, filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts he was subjected to excessive force by Defendant Chris Bolyard while he was incarcerated at Vandalia Correctional Center. The matter is now before the Court for consideration of Defendant's motion for summary judgment for Suber's failure to exhaust his administrative remedies prior to filing suit.

**Background**

The Complaint alleges the following: On February 14, 2019, Suber was housed in segregation at Vandalia. (Doc. 1, p. 6). Sergeant Bolyard walked along the gallery spraying pepper spray. (*Id.*). Sergeant Bolyard stopped in front of Suber's cell and started "say[ing] things." (*Id.*). Suber responded that "he was not a kid" and "to talk to him like a man or stop talking." (*Id.*). Sergeant Bolyard left the area and then returned with two

other officers, opened Suber's cell door, got in his face calling him names, and then choked him. (*Id*.).

Suber's Complaint is dated February 21, 2019; it was received by the Court on March 18, 2019. (Doc. 1, p. 7). Following review pursuant to 28 U.S.C. § 1915A, a single claim proceeded against Sergeant. Bolyard for excessive force. (Doc. 6).

## **Defendant's Motion for Summary Judgment**

Defendant filed the pending motion for summary judgment on August 12, 2019, arguing that Suber failed to exhaust his administrative remedies prior to filing suit. (Docs. 14 and 15). Suber has not filed a response to the motion. The Court considers Suber's failure to respond an admission of the facts of Defendant's motion. SDIL Local Rule 7.1(c) (failure to timely file a response to a motion may be considered an admission of the merits of the motion); FED.R.CIV.P. 56(e)(facts may be considered undisputed if a party fails to respond as required by Rule 56(c)); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (failure to respond by the nonmovant as mandated by the local rules results in an admission); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (non-movant's failure to respond to a motion for summary judgment constitutes an admission that there are no disputed issues of material facts).

The following facts are taken from Defendant's memorandum in support of summary judgment and are undisputed. An inmate may grieve prison conditions with the Illinois Department of Corrections by following the grievance procedures set forth in 20 Ill. Admin. Code 504.800 *et seq*. (Doc. 15, p. 2). Suber filed a grievance on February 15, 2019, alleging that Defendant Bolyard sprayed pepper spray on his gallery on February

14, 2019. (Doc. 15, p. 2; Doc. 15-2, pp. 1-2). This grievance was responded to by a counselor on February 27, 2019 but was not appealed to the grievance officer. (Doc. 15, p. 2; Doc. 15-2, pp. 1, 3; Doc. 15-3, p. 3). Further, Suber did not file any appeals or direct grievances to the Administrative Review Board ("ARB"). (Doc. 15, p. 2; Doc. 15-1, p. 4).

## **Legal Standards**

"Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendant] is entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); FED.R.CIV.P. 56(c). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citing *Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs*, Local 150, AFL-CIO, 824 F.3d 645, 647-48 (7th Cir. 2016)).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole*, 438 F.3d at 809. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.*

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the Chief Administrative Officer (CAO) within two months of receipt, "when reasonably feasible under the circumstances." *Id*. at § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* After receiving the response of the CAO, the inmate may appeal in writing to the IDOC Director. *Id.* at §5 04.850(a). The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. *Id.*

An inmate may file an emergency grievance if "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." *Id.* at § 504.840(a). The grievance is forwarded directly to the CAO and, if the CAO determines the grievance should be handled as an emergency, he or she must expedite the grievance process. *Id.* at § 504.840(b). If the CAO determined the grievance is not an emergency, the inmate is notified in writing that he may resubmit the grievance as non-emergent, in accordance with the standard grievance process. *Id.* at § 504.840(c).

## **Discussion**

As previously stated, because Suber did not file a response to the motion, the facts presented by the Defendants are uncontroverted. As there are no disputes of fact, the Court finds that an evidentiary hearing is not needed in this case.

4

Defendant has established that Suber had access to the grievance process but did not file a grievance with the grievance officer regarding the claim alleged in the Complaint. Further, he did not file or appeal any grievance to the CAO related to that claim. Additionally, Suber did not file or appeal any grievance with the Administrative Review Board concerning the claim. The Court concludes, therefore, that Suber did not exhaust his administrative remedies as to the claim against Defendant prior to filing suit.

**Disposition**

Accordingly, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Chris Bolyard is **GRANTED.** This action is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED: October 8, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**